UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES H. BISHOP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:10-CV-156-CEJ |
| | ) |
| LARRY CRAWFORD, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Charles H. Bishop (Registration No. 505063) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly balance of $.21 and an average monthly deposit of $94.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.87, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52.

### The Complaint and Supplement

Plaintiff, an inmate at the Western Missouri Correctional Center, seeks monetary, declaratory, and unspecified injunctive relief in this action brought pursuant to 42 U.S.C. §§ 1983 and 1985 for alleged constitutional violations that occurred while he was incarcerated at the Southeast Correctional Center ("SECC"). In addition, plaintiff asserts state-law claims for assault and battery and negligence. Plaintiff names the following individuals and entities as defendants: Correctional Medical Services ("CMS"), Missouri Department of Corrections, State of Missouri, Larry Crawford (Director, Missouri Department of Corrections), George Lombardi (Director, Missouri Department of Corrections), Chuck Dwyer (Superintendent, SECC), Laura Vance (Associate Superintendent, SECC), Michael Cornell (Assistant Superintendent, SECC), Omer Clark (Associate Superintendent, SECC), Bill Harris (Director of Recreation, SECC), Johnny Williams (Functional Unit Manager, SECC), Erik Harper (Sergeant, SECC), Alex Clinton (Sergeant, SECC), Travis Wilhite (Sergeant, SECC), Travis Jackson (Correctional Officer, SECC), Charlana Dunn (Correctional Officer, SECC), Joshua Lacy (Correctional Officer, SECC), Aaron Gilliland (Correctional Officer, SECC), Richard Leavitt (Captain,

SECC), Dan Martinez (Lieutenant, SECC), Tracey Mitchem (Classification Caseworker Assistant, SECC), Melisa Dorris (Classification Caseworker, SECC), Arthur S. Keiper, III (Doctor, CMS), Elizabeth Conley (Regional Medical Director and Doctor, CMS), Michael Hakala (Doctor, CMS), Glen Babich (Medical Director and Doctor, SECC), Marsha Aters (Registered Nurse, CMS), and John Does #1 - #7.

The complaint consists of numerous claims arising out of three separate incidents that allegedly occurred while plaintiff was incarcerated at SECC in 2005. Plaintiff refers to the first event as the "August Attack" and the second and third events as the "October Attacks."

### 1. The "August Attack"

Plaintiff has filed as a supplement to the complaint an affidavit entitled "Affidavit by Charles H. Bishop, #505063 Regarding Assault by Inmate 8-15-2005" [Doc. #4]. The affidavit is twenty-three pages long and consists of 108 numbered paragraphs. In the affidavit, plaintiff states that he adheres to the "doctrine of separatism," and as such, during his SECC incarceration, he "would not cell or live with [a black inmate] under any circumstances." He alleges that he relayed this information to defendant Charlana Dunn and told her that, if he was forced to cell with a black inmate, the situation would constitute an imminent threat to his safety and security, and he, plaintiff, would be assaulted. Plaintiff further states that when he realized he was going to be celled with a black inmate, he told defendant Dunn, "[P]ut me in a cell with another white boy." Plaintiff states that, despite his many warnings to defendants Dunn, Clinton, John Does #1 and #2, Mitchem, Williams, Harper, and "several other

unknown C.O.'s,"[1] he was assigned to a cell with a black inmate. Plaintiff alleges that, on August 15, 2005, in the presence of defendant Travis Jackson, his cellmate attacked him, stabbing him twenty-four times and breaking plaintiff's left hand.

Plaintiff states that he was immediately transported by ambulance to the SECC infirmary, and during this time, defendants Jackson and Martinez refused to remove plaintiff's handcuffs, even after he told them his left hand might be broken. Plaintiff claims that defendant Dr. Arthur Keiper examined him at the infirmary and refused to send him to "an outside emergency medical trauma center," despite defendant Richard Leavitt's desire to do so, and as a result, plaintiff suffered permanent injuries. Plaintiff claims that although John Doe #5 overrode Leavitt's authority to send plaintiff to an outside trauma center, by not insisting that plaintiff nevertheless be transferred, Leavitt violated his duty to protect him. Plaintiff states that, on the orders of John Doe #5, he was sent to "the [SECC] observation cell for approximately eight hours with no pain medication, waiting to get put back together."

Plaintiff claims that it was not until the morning following the attack that defendant Dr. Glen Babich began to suture his wounds. Babich also wrote a referral for plaintiff to have a chest x-ray, blood tests, and an appointment with an eye doctor. Plaintiff claims that Babich totally ignored his broken left hand. Plaintiff states that it took "several days and weeks to get these referrals done," and he was not seen by defendant Dr. Hakala until September 1, 2005. Dr. Hakala took an x-ray of plaintiff's hand, but the x-ray was misplaced and another x-ray was taken on September 15, 2005. Plaintiff was transported to Festus for an MRI on September 28, 2005, and after

---

[1]The Court will refer to the "unknown C.O.'s" as John Does #3 and #4.

reviewing the results later that same day, Dr. Hakala referred him to a hand specialist, Dr. Cameron, who is not a defendant in this action. Plaintiff asserts that his hand "was never fixed . . . until [he] saw Dr. Cameron," and that Dr. Hakala's unreasonable delay in getting plaintiff's x-rays, MRI, and referral to a hand and joint specialist constitutes malpractice and deliberate indifference.

As to defendant Elizabeth Conley, plaintiff states that she is a CMS employee "and has the final say in the kind of treatment prisoners get." Plaintiff alleges that Conley was deliberately indifferent to his medical needs in connection with the August 15, 2005 inmate attack, in that she "completely disregard[ed] any other doctors [sic] request for necessary medical treatment." In addition, plaintiff states that CMS "refused to provide any necessary, adequate, meaningful, and timely medical care"; however, he also states, "I have been seen by many nurses and doctors since the stabbing assault of 8/15/2005 . . . result[ing] in no or temporary relief."

Plaintiff complains that the State of Missouri failed to prosecute the inmate who assaulted him on August 15, and the Missouri Department of Corrections refused to accept any responsibility for putting plaintiff in a position of danger.

2. The "October Attacks"

In addition to the "August Attack" affidavit, plaintiff has attached to the complaint an affidavit entitled "Affidavit Regarding October Attacks by Staff" [Doc. #1, pp. 28-42]. The affidavit is fifteen pages long and consists of thirty-five numbered paragraphs. Plaintiff's claims relative to the "October Attacks" arise out of two separate events, one on October 11, 2005, and the other on October 23, 2005. Plaintiff states that on October 11, defendant Alex Clinton, an SECC correctional officer, "violently and physically assault[ed]" plaintiff, repeatedly slamming his body and face

into a cell door which resulted in a broken nose. Plaintiff claims that defendants Gilliland and Lacy failed to protect him from this unnecessary and excessive use of force and failed to notify defendant Larry Crawford of the attack, as required by Missouri law. Plaintiff also claims that defendant Aters refused to provide him necessary medical care for his injuries.

Plaintiff further states that on October 23, 2005, defendant Charlana Dunn violated his constitutional rights by insisting that plaintiff place his injured left hand in a food port so she could handcuff him. Following this incident, plaintiff claims that defendant Dunn continued to use excessive force and abused him in "the same unnecessary, aggressive, and hostile manner" in retaliation for filing prison grievances against her. Plaintiff claims that he reported these incidents to defendants Williams, Harper, and Clinton, but nothing was done. He also claims that, in retaliation for filing grievances against her, defendant Dunn offered "special treatment and favors" to other John Doe defendants[2] if they would assault plaintiff.

## Discussion

**1. Joinder**

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

---

[2]The Court will refer to these "other John Doe defendants" as John Does #6 and #7.

The instant action, however, presents a case involving multiple claims against multiple defendants.³ Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." <u>George v. Smith</u>, 507 F.3d at 607. Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." <u>Id.</u>

At issue in the instant case is whether the thirty-four named defendants are properly joined in this single action. <u>See id.</u> (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

---

³The defendants named in connection with the August 15, 2005 incident are Johnny Williams, Erik Harper, Alex Clinton, Travis Jackson, Charlana Dunn, John Does #1 through #5, Richard Leavitt, Dan Martinez, Tracey Mitchem, Arthur S. Keiper, Elizabeth Conley, Michael Hakala, Glen Babich, CMS, Missouri Department of Corrections, and State of Missouri. Regarding the October 11, 2005 incident, the named defendants are Larry Crawford, Alex Clinton, Aaron Gilliland, Joshua Lacy, and Marsha Aters. Defendants Charlana Dunn, John Does #6 and #7, Johnny Williams, Erik Harper, and Alex Clinton are named in relation to the October 23, 2005 incident and Dunn's alleged efforts to enlist others to assault plaintiff. Plaintiff does not assert any claims or allegations against defendants George Lombardi, Chuck Dwyer, Laura Vance, Michael Cornell, Omer Clark, Bill Harris, Travis Wilhite, or Melisa Dorris.

Simply stated, plaintiff's allegations relative to the August 15 incident do not pertain to the same defendants or arise out of the same series of transactions and occurrences as those involved in either the October 11 or the October 23 incident, nor do they involve similar questions of law or fact. Plaintiff's "August Attack" claims arise out of the physical injuries he sustained and the medical treatment he received, or failed to receive, after his cellmate assaulted him on August 15, 2005. The "October Attacks" claims, on the other hand, arise out of two completely different sets of events. The first involves an alleged assault by a prison guard on October 11, resulting in plaintiff breaking his nose. The second event arises out of a totally different incident on October 23 involving a different prison guard's attempt to intentionally inflict pain on plaintiff by handcuffing his wrists in a food port and enlisting others at SECC to harm plaintiff in retaliation for filing prison grievances. Thus, not only do plaintiff's August 15, October 11, and October 23 claims pertain to and arise out of wholly unrelated events, but his alleged injuries resulting from the various occurrences are distinctly different. These three occurrences and the claims arising out of each of them do not share common questions of law or fact. Each of plaintiff's claims will require its own review of entirely separate events asserted against different groups of defendants. For these reasons, the Court concludes that the thirty-four named defendants are not properly joined under Rule 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because the claims and defendants cannot be properly joined in one complaint under Rule 20(a)(2), the Court will deem the plaintiff as having submitted three separate lawsuits, each utilizing the same complaint, as follows:

>  (1) The instant complaint will be construed as asserting claims arising solely from the August 15 incident.  These claims will be reviewed for frivolity under 28 U.S.C. § 1915 (e) in this Memorandum.
>
>  (2) A copy of the instant complaint will be used for the second lawsuit, and will be construed as asserting claims against against defendants Larry Crawford, Alex Clinton, Aaron Gilliland, Joshua Lacy, and Marsha Aters arising solely from the October 11, 2005 incident. Plaintiff will be required to either pay the full filing fee for the second lawsuit or submit a motion for leave to proceed *in forma pauperis*.  If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the second lawsuit for frivolity under 28 U.S.C. § 1915 (e).
>
>  (3)  A copy of the instant complaint will be used for the third lawsuit, and will be construed as asserting claims against  defendants Charlana Dunn, John Does #6 and #7, Johnny Williams, Erik Harper, and Alex Clinton arising solely from the October 23, 2005 incident.  Plaintiff will be required to either pay the full filing fee for the third  lawsuit or submit a motion for leave to proceed *in forma pauperis*.  If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the third lawsuit for frivolity under 28 U.S.C. § 1915 (e).

Because the same complaint will be used, all three lawsuits will be considered as having been submitted on the same date.   If the Court were to sever and dismiss the mis-joined claims and defendants, the statute of limitations might preclude plaintiff from re-asserting the claims based on the October 11 or the October 25 incident in a new complaint.

2.  Review of August 15, 2005 claims under 28 U.S.C. § 1915(e)

Plaintiff alleges that defendants Johnny Williams, Erik Harper, Alex Clinton, Travis Jackson, Charlana Dunn, John Does #1 through #5, Richard Leavitt, Dan

Martinez, Tracey Mitchem, Arthur S. Keiper, Elizabeth Conley, Michael Hakala, Glen Babich, CMS, Missouri Department of Corrections, and State of Missouri violated his rights under 42 U.S.C. §§ 1985 and 1983.

### a. Section 1985 claims

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). In the instant action, nothing in the complaint or supplement indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination. As such, plaintiff's § 1985(3) claims will be dismissed as legally frivolous.

### b. Section 1983 claims

The State of Missouri's five-year statute of limitations for general personal injury claims is applicable to causes of action based on § 1983. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Lohman v. Kempker, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983). All of plaintiff's allegations relative to the August 15, 2005 inmate assault occurred on or prior to September 28, 2005, when Dr. Hakala referred plaintiff to the hand specialist, Dr. Cameron. Plaintiff's complaint bears a signature date of October 6, 2010. As such, plaintiff's § 1983 claims against defendants Williams, Harper, Clinton, Jackson, Dunn, John Does #1 through #5, Leavitt, Martinez, Mitchem, Keiper, Conley, Hakala, Babich, CMS, Missouri Department of Corrections, and State of Missouri arising out of the August 15 occurrence are barred by the five-year statute of limitations and will be dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). See Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992)(district court may properly dismiss in forma pauperis complaint when it is apparent the statute of limitations has run).

As additional reasons for dismissing plaintiff's § 1983 claims, the Court notes that the State of Missouri and the Missouri Department of Corrections are not suable entities under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000). To state a claim against CMS, a plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). The instant

complaint and supplement do not contain any such allegations. Moreover, plaintiff's conclusory allegations that Elizabeth Conley "completely disregard[ed] any other doctors [sic] request for necessary medical treatment" and that CMS "refused to provide any necessary, adequate, meaningful, and timely medical care" do not rise to the level of a constitutional violation and are legally frivolous, particularly in light of plaintiff's contrary allegations that he was, in fact, treated by CMS physicians Arthur Keiper and Michael Hakala. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

For the above-stated reasons and, having carefully reviewed plaintiff's allegations relative to the August 15, 2005 occurrence, the Court concludes that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Last, the Court will dismiss without prejudice defendants George Lombardi, Chuck Dwyer, Laura Vance, Michael Cornell, Omer Clark, Bill Harris, Travis Wilhite, and Melisa Dorris, because plaintiff has failed to assert any allegations against them. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under

§ 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $18.87 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants George Lombardi, Chuck Dwyer, Laura Vance, Michael Cornell, Omer Clark, Bill Harris, Travis Wilhite, and Melisa Dorris are **DISMISSED** without prejudice, because plaintiff has failed to assert any claims or allegations against them. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Larry Crawford, Alex Clinton, Aaron Gilliland, Joshua Lacy, and Marsha Aters, arising from the October 11, 2005 incident, are **SEVERED** from the instant action, because they are not properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. The Clerk of Court is instructed shall open a new case, utilizing the complaint [Doc. #1] submitted here. The new case will be styled Charles H. Bishop v. Larry Crawford, Alex Clinton, Aaron Gilliland, Joshua Lacy, and Marsha Aters, and will bear a Southeastern Division number.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Charlana Dunn, John Does #6 and #7, Johnny Williams, Erik Harper, and Alex Clinton, arising from the October 23, 2005 incident, are **SEVERED** from the instant action, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure. The Clerk of Court is instructed shall open a new case, utilizing the complaint [Doc. #1] submitted here. The new case will be styled <u>Charles H. Bishop v. Charlana Dunn, John Doe #6 , John Doe #7, Johnny Williams, Erik Harper, and Alex Clinton</u> and will bear a Southeastern Division number.

**IT IS FURTHER ORDERED** that, as to plaintiff's remaining claims against defendants Johnny Williams, Erik Harper, Alex Clinton, Travis Jackson, Charlana Dunn, John Does #1 through #5, Richard Leavitt, Dan Martinez, Tracey Mitchem, Arthur S. Keiper, Elizabeth Conley, Michael Hakala, Glen Babich, CMS, Missouri Department of Corrections, and the State of Missouri, arising from the August 15, 2005 incident, the Clerk shall not issue process or cause process to issue, because the allegations are legally frivolous and fail to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

Dated this 24th day of January, 2011

*[signature]*
UNITED STATES DISTRICT JUDGE